## Federal Defenders
### OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 11201
Tel: (718) 330-1200  Fax: (718) 855-0760

---

*David E. Patton*
Executive Director and
Attorney-in-Chief

*Eastern District*
Peter Kirchheimer
Attorney-in-Charge

June 27, 2013

<u>VIA ECF and Hand Delivery</u>
Robert L. Capers
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Christopher Inserra</u>, 13 Cr. 0378 (ILG)

Dear Mr. Capers:

Please accept this letter *in lieu* of a formal motion for discovery. In accordance with Federal Rule of Criminal Procedure 16, I write to request discovery.

1. <u>Documents</u>

In accordance with Rule 16(E), I request all documents and data in any form (including electronic records, photographs, audio, and video) within the government's possession, custody, or control that are material to preparing the defense, or that the government intends to use in its case-in-chief at trial, or that was obtained from or belongs to the defendant. This should include, but is not limited to, all employment records, Port Authority Police Department contracts and benefits information, insurance records, medical records, interviews of doctors and medical personnel who will not testify at trial, bank records, and information pertaining to Mr. Inserra's conduct during the time period of the alleged fraud (including, but not limited to, his participation in a rock band)

In the event that the government produces any documents or data with redactions, I ask that the government also provide a written summary of any redacted content so that I may evaluate whether a request for an *in camera* inspection of these documents would be appropriate.

To the extent that any of these documents are not discoverable because they are statements made by prospective government witnesses, pursuant to Rule 16(a)(2), I

request that these documents be provided if, and when, it is determined that the author or witness is not going to be a government witness.

2. Prior Record

It is my understanding that Mr. Inserra has no previous criminal contacts. If the government learns of any criminal contacts, including youthful offender adjudications and/or juvenile offender adjudications or juvenile criminal contacts, not contained in the government's criminal history printout, that it will seek to use against Mr. Inserra for any purpose in the above-captioned case pursuant to Rule 16(a) (1)(D), please inform me immediately so that I may file the appropriate motions. If I have not heard from the government as to any additional criminal contacts that it intends to use against Mr. Inserra by July 15, 2013, I will assume that the government does not intend to introduce any specific prior criminal contacts against Mr. Inserra in the above-captioned case.

3. Statements

Pursuant to Rules 16(a)(1)(A) and 16(a)(1)(b), I request any statements made by Mr. Inserra whether written down or not. Please disclose to me and make available for inspecting, copying, or photographing, the following: any statements made by Mr. Inserra within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government or any law enforcement officer participating in this case; the portion of any written record (including rough notes) containing the substance of any relevant oral statement made by him, whether before or after arrest.

Please disclose by July 15, 2013, the substance and details of any statements made by Mr. Inserra which the government intends to use at any fact-finding hearing including: where the statements were made; to whom the statements were made; when the statements were made; and the context of the conversation or interview in which these statements were allegedly made. If I have not heard from the government by July 25, 2013, I will assume that there are no other oral statements made by Mr. Inserra that the government will seek to use at a fact-finding hearing.

Please produce the substance of all statements and expressive conduct of Mr. Inserra in response to his interactions with agents, or in response to Miranda warnings, as well as all statements or questions concerning Fifth or Sixth Amendment rights. See Wood v. Ercole, 644 F.3d 83 (2d Cir. 2011) ("I think I should get a lawyer" is enough to invoke the Fifth Amendment); United States v. McElroy, 697 F.2d 459 (2d Cir. 1982). This includes both oral and written Miranda warnings and any form signed or refused by Mr. Inserra.

Additionally, I request the production of any memorializations of the statements attributed to Mr. Inserra, including but not limited to, any transcription of a video-tape, any other audio or video recordings, and/or agent's papering notes. If I have not heard from the government by July 15, 2013, I will assume there are not statements or memorializations of statements made by Mr. Inserra and will rely on that understanding in preparation for trial.

4. Tangible Evidence

Pursuant to Rule 16(a)(1)(E), I request the production of both documents and tangible objects. I request permission to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are in the possession, custody, or control of the government, and which are material to the preparation of Mr. Inserra's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to Mr. Inserra. Please note that the term "material" applies equally to evidence that is inculpatory as well as that which is exculpatory to Mr. Inserra. Pursuant to Rule 16(a)(1)(C), if any of these objects exist, please inform me by July 15, 2013, so that I can make arrangements to view and copy or photograph the objects.

5. Identification Procedure

Please provide me with any material relating to any identification procedure that may have been performed in this case. If I have not heard from the government by July 15, 2013, I will assume that there were no identification procedures performed in this case.

6. Scientific Tests

Please provide me with any results and/or reports of any physical or mental examinations or scientific tests by July 15, 2013, so that I may file the appropriate pre-trial motions as well as consult experts to interpret the results of any examinations or tests.

7. Experts

Pursuant to Rule 16(a)(1)(G), I request that I be provided with a written summary of expert testimony that the government intends to use during its case in chief at trial.

8. Evidence of Uncharged Crimes, Wrongs, or Other Misconduct

The government has not indicated that it intends to elicit any information related to any crimes, wrongs, or other acts related to Mr. Inserra. If the government plans to introduce any specific evidence of other crimes, wrongs, or other acts relating to Mr. Inserra, please inform me by July 25, 2013, so that I may file the appropriate pre-trial motions. If I have not heard from the government by July 25, 2013, I will assume there is no evidence of prior crimes, wrongs, or other acts that will be used against Mr. Inserra at trial.

9. Excited Utterances and Present Sense Impressions

I request notice regarding any excited utterances or present sense impressions the government will be seeking to introduce at trial. Because Crawford v. Washington, 541 U.S. 36 (2004), invalidated much of the existing case law with respect to these exceptions to the general rule against admitting hearsay, I request 15 days advance notice of the government's intention to introduce any such statements. Moreover, this letter serves as an objection to any and all hearsay violating the contours of the holding of Crawford, in particular with respect to excited utterances and present sense impressions.

10. Brady Request

Under the doctrine announced in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), I am making a general request for all exculpatory information. This includes all information known to the government, or by the exercise of due diligence may become known, which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information indicating in whole or in part, that Mr. Inserra did not have the requisite intent to commit the alleged fraud and/or that any of the requisite elements required to prove any of the charged offense cannot be met. It also includes all information that calls into question the accuracy, credibility, and bias of the government's sources or witnesses.

I am entitled to this material in advance of trial so that I can effectively prepare a defense. In addition, I cannot advise my client about a potential plea offer until I can discuss with him all exculpatory information to which I am entitled.

I also make the following specific Brady requests:

A. All prior convictions and juvenile adjudications of all government witnesses.

B. All information in the possession of the government indicating that (a) any government witness has had a pending juvenile or criminal case on or since the offense in this case; (b) any government witness was arrested, pled guilty, had a

     trial, or was sentenced on or since the date of the offense in this present case;
(c) any government witness was on juvenile or criminal parole or probation on or since the date of the offense; and (d) any government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action. With respect to this information I request docket numbers, dates, and jurisdictions for all such cases. Davis v. Alaska, 415 U.S. 508 (1974).

 C. Any prior inconsistent statements, non-corroborative statements, or other witness statements that the witness's trial testimony will not reflect. See United States v. Enright, 579 F. 2d 980, 989 (6th Cir. 1978). This request includes all rough notes, including notes of both prosecutors and agents. I ask that the government immediately ensure that all notes and recordings are preserved. It also includes the recording, in any form, of all communications between the government and law enforcement regarding the witness's testimony.

 D. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substances, or has ever abused or become addicted to alcohol. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980).

 E. All information that any government witness and/or informant was under the influence of alcohol narcotics, or any other drug at the time of observations about which the witness will testify and/or the informant informed, or that the witness's/informant's faculties of observation were impaired in any way.

 F. All information that any government witness has been, or is, a government informant at any point from the time of the offense through the day of trial. If any witness is, or has been, an informant, I request disclosure of:

  (i) the length and extent of the witness's informant status;

  (ii) the amount of compensation that has been paid to the informant in connection with this case;

  (iii) any non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant at the time of the offense through the day of trial;

  (iv) all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case.

"Benefit" refers to any monetary compensation, assistance of the prosecution or the court concerning pending charges against the informant, or any other sort of consideration;

(v) the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help. See United States v.Bagley, 195 S. Ct. 3375 (1985).

G. All deals, benefits, or promises of benefits, threats, or statements that the benefit would not be provided without cooperation, that were made to any government witness in connection with this case. See Giglio v. United States, 405 U.S. 150 (1972). "Benefit" is defined in point (d) above, supra.

H. Any information that tends to indicate a government witness's dubious conduct including anything in a law enforcement officer's personnel files indicative of dubious behavior.

I. Perjury, or any finding of a lack of credibility or veracity, by any government witness at any time, whether or not adjudicated and whether or not in connection with a specific case.

J. Any information regarding any prior "bad act" of a government witness that may bear upon the veracity of the witness. This includes, but is not limited to, any information that the complainant was engaged in illegal activity immediately prior to the alleged offense.

K. All information that any government witness has made prior false accusations, including but not limited to, prior complaints to the police or enforcement agencies that did not result in a conviction.

L. Any other information tending to show a government witness's bias in favor of the government or against the defendant, or that otherwise impeaches a witness's\testimony, including pending and closed Port Authority investigation or equivalent complaints/cases, which involved facts similar to those in this case, whether resolved for or against the officer.

M. The names and addresses of all persons who would contradict or impeach any government testimony or other evidence.

N. Any failures by any witness at any point in the interviewing or debriefing process to provide the police or the government with information testified to at trial.

O. Any indication of threats or acts of aggression toward Mr. Inserra by law enforcement involved in this case.

P. Any evidence that any witness gave a version of events relating to this matter that differed from any other version of events given by the same witness. This includes inconsistent statements by the cooperating witness as well as all other potential government witnesses.

In addition to the above-listed requests, pursuant to the ABA Standards for Criminal Justice, 11-2.2 (Discovery and Procedure Before Trial), I request early disclosure of all Jencks/3500 material so that any issues involving disclosure may be resolved in advance of trial, I will have adequate time to review the material, and there will be no delay in court proceedings while I review material, consider any discovery or Brady ramifications, and prepare to use the material in cross-examination. I also request that you diligently preserve all Jencks/3500 material.

For purposes of this letter and any related litigation, "information" refers to all documentary, tangible, or oral material, including, but no limited to, statements by witnesses, whether recorded or otherwise memorialized or not, grand jury testimony, and reports of investigation or personal notes of investigators or government employees, including prosecutors. Such information is "known" to the government if known to you personally or known to any other prosecutor or law enforcement agent, which you could acquire actual knowledge of through the exercise of due diligence in responding to these inquires. If such information is disclosed to you, please disclose all supporting documents or objects as well as the names and addresses of all witnesses having knowledge of the information disclosed. If you elect not to disclose exculpatory information concerning the requests made herein until the day of trial, then please secure the presence of witness having such knowledge by subpoena so that delay will not be necessitated between the time of your disclosure and the time I seek to use or explore the ramifications of that information. Finally, the duty to disclose is a continuing one, stretching until the final disposition of this case.

It is my belief that the requested material is discoverable under the Federal Rules of Criminal Procedure and/or under pertinent case law. In the event that you are unable or unwilling to provide the requested information, please advise me by July 25, 2013, so that I may respond appropriately. If I have not heard from you by the date above, I will assume that my representations are accurate and I will rely on my representations in preparing for trial and file motions accordingly.

Respectfully Submitted,

Deirdre D. von Dornum
Deputy Attorney-in-Charge
(718) 330-1208

Cc:   Hon. I. Leo Glasser (by ECF)
      Christopher Inserra (by U.S. Mail)