

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RLC
F. # 2012R01336

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 15, 2013

By Hand Delivery and ECF

Deidre Von Dornum, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

      Re:    United States v. Christopher Inserra
              Criminal Docket No. 13-0378 (ILG)

Dear Ms. Von Dornum:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant. A copy of this letter, without enclosures, will be filed via ECF today. A hard copy of this letter, with a compact disc containing all of the enclosures listed in this document, will be hand delivered to your office on the morning of July 16, 2013.

I.      The Government's Discovery

      A.      Statements of the Defendant

      Enclosed are copies of the following documents that contain statements made by the defendant:

- Advice of rights form (Bates numbered CI-337)
- Memorandum of Interview dated March 26, 2013 (Bates numbered CI-338 to CI-341)
- Complaint (Bates numbered CI-413 to CI-430)

      B.      The Defendant's Criminal History

      The government is not aware of any criminal record for the defendant. Should the government become aware of any criminal dispositions that it is not presently aware, the government will promptly notify counsel. Finally, the government does not believe that

there is any applicable statute or controlling case law that precludes it from making such disclosure once it becomes aware of that information.

    C.    <u>Documents and Tangible Objects</u>

In addition to the above-described documents, enclosed are copies of the following documents, photographs, and video footage:

- Aflac insurance policies and claims documentation (Bates numbered CI-1 to CI-61)
- Medical records (Bates numbered CI-62 to CI-335)
- Tour schedule for Cousin Sleaze (Bates numbered CI-336)
- Assorted Photographs of performances (Bates numbered CI-342 to CI-412 and CI-441 to CI-767)
- Port Authority Police Department ("PAPD") employee contract – Section XIX and Appendix pertaining to sick leave (Bates numbered CI-431 to CI-440)
- Video footage of Cousin Sleaze performances (Bates numbered CI-768 to CI-769)

The government is not in possession of the defendant's employment and/or disciplinary records, nor is it in possession of the entire PAPD employee contract. Instead, the government has supplied you with the relevant section of the PAPD contract that pertains to a PAPD officer's rights as they relate to sick leave. If you require additional documents, the government requests that you make a more specific request for documents, along with your justification and authority under Fed. R. Crim. P. 16 or other controlling case law, and the government will endeavor to make those documents available to you.

You may also examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

    D.    <u>Reports of Examinations and Tests</u>

Please see the medical records that were disclosed above in Section I(C), which represents what the government believes to be the entirety of medical records and reports of examinations and surgery that were compiled for the defendant during the period of his claimed injury.

The government acknowledges your request for all notes related to "interviews of doctors and medical personnel who will not testify at trial." (Def. Ltr. at 1). It is the government's position that such materials are not properly discoverable at this juncture pursuant to Fed. R. Crim. P. 16(a)(2) and 18 U.S.C. § 3500.

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

2

      E.      <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling for testimony at trial multiple medical doctors and other medical professionals who had examined the defendant during the period of his claimed injury. Many of these individuals are experts in their respective specialized fields.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

      F.      <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

      G.      <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

      H.      <u>Additional Requests</u>

In your letter you request early disclosure of <u>Jencks</u>/3500 material, without specifying a timeframe by which you wish to receive those materials. (Def. Ltr. at 7). The government believes that Title 18, United States Code, Section 3500, prevailing case law and the prevailing custom in this District make it clear that such a disclosure is not required at this time. Should this matter proceed to trial, the government will turn over to the defense all such relevant and pertinent materials at the appropriate time.

II.      <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests

or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

    Very truly yours,

    LORETTA E. LYNCH
    United States Attorney

By:    /s/ Robert L. Capers
    Robert L. Capers
    Assistant U.S. Attorney
    (718) 254-6346

Enclosures

cc:    Clerk of the Court (ILG) (by ECF) (without enclosures)